UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

JESSE J. VALE,

        Petitioner,

vs.

CONNIE GIBSON,

        Respondent.

No. C 14-1588 PJH (PR)

**ORDER GRANTING MOTION TO FILE UNDER SEAL**

    Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Respondent has filed an answer and seeks to file the unredacted list of juror names under seal.[1]  The list also contains addresses and phone numbers for the sworn jurors.

    The court may order a document filed under seal "upon a request that establishes that the document, or portions thereof are privileged, protectable as a trade secret or otherwise entitled to protection under the law (hereinafter referred to as 'sealable').  The request must be narrowly tailored to seek sealing only of sealable material."   N. D. Cal. Local Rule 79-5.  There is a strong presumption favoring the public's right of access to court records which should be overridden only for a compelling reason. *Hagestad v. Tragesser*, 49 F.3d 1430, 1433-34 (9th Cir. 1995).  "Counseling against such access would be the likelihood of an improper use, 'including publication of scandalous, libelous, pornographic, or trade secret materials; infringement of fair trial rights of the defendants or third persons; and residual privacy rights.'" *Valley Broadcasting Co. v. United States*

---

[1] Petitioner proceeds with a claim that the prosecutor improperly used peremptory challenges to exclude Hispanic jurors.

*District Court*, 798 F.2d 1289, 1294 (9th Cir. 1986) (citation omitted).

In this instance there are compelling reasons justify sealing the unredacted list of juror information. The sealing of this information will protect the identities of jurors in accordance with the state's interest in affording such protection. *See* Cal. Civ. Proc. Code § 237(a)(2) (providing for post-trial sealing of "personal juror identifying information"); Cal. R. Ct. 8.332(b)(1) (providing for deletion of jurors' personal identifying information from documents filed on appeal).

## CONCLUSION

1. The motion to file the list of juror names and contact information under seal (Docket No. 18) is **GRANTED**.

2. Petitioner's motion for an extension of time to file a traverse (Docket No. 19) is **GRANTED** and the traverse is deemed timely filed.

3. Petitioner's motion requesting status (Docket No. 21) is **GRANTED**.

**IT IS SO ORDERED.**

Dated: February 11, 2015.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.14\Vale1588.ord